IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAIME MURILLO, | ) | 4:12CV3220 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Jaime Murillo ("Murillo") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) As set forth below, the court will dismiss Murillo's Petition with prejudice because it is barred by the statute of limitations that governs habeas corpus petitions.

## I.  BACKGROUND

### A.  Murillo's Conviction and Direct Appeal

On April 29, 2009, Murillo was convicted of sexual assault of a child in the second degree in the District Court of Dakota County, Nebraska ("state district court"). (Filing No. 8-2 at CM/ECF pp. 88-89.) The Nebraska Court of Appeals affirmed the judgment of the state district court on April 1, 2010. (Filing No. 8-4 at CM/ECF p. 2.) Murillo did not file a petition for further review to the Nebraska Supreme Court. (*Id.*)

### B.  Murillo's Post-Conviction Motion and Appeal

Murillo filed a pro se verified motion for post-conviction relief in the state district court on August 1, 2011. (Filing No. 8-3 at CM/ECF p. 14.) The state district court denied post-conviction relief on November 15, 2011. (*Id.* at CM/ECF p. 80.)

The Nebraska Court of Appeals affirmed the judgment of the state district court. (Filing No. 8-4 at CM/ECF p. 6.) The Nebraska Supreme Court denied Murillo's petition for further review on August 30, 2012, and issued its mandate on September 18, 2012. (*Id.*)

C.  **Murillo's Habeas Petition**

Murillo filed his Petition in this court on October 31, 2012. (Filing No. 1.) On November 30, 2012, Respondent filed a Motion for Summary Judgment in which he argues that Murillo's Petition is barred by the relevant statute of limitations. (Filing No. 9.) In response, Murillo argues that his petition was timely filed. (Filing No. 12.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. This case concerns only the first of those dates: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Supreme Court recently addressed the point at which a judgment becomes "final" for purposes of § 2244(d)(1)(A). In *Gonzalez v. Thaler*, the Supreme Court held that, for petitioners who pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the [Supreme Court] affirms a conviction on the merits on direct review or denies a petition for certiorari." 132 S. Ct. 641, 653 (2012). For all other petitioners, the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires." *Id.* at 653-54. Stated another way, if the Supreme Court has jurisdiction to review the direct appeal, "the judgment becomes final ninety days after the conclusion of the

2

prisoner's direct criminal appeals in the state system." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing Sup.Ct. R. 13.1).

The statute of limitations found in § 2244(d)(1) is tolled while a state post-conviction or other collateral review is pending. A post-conviction application is considered "pending" only until the state court "issue[s] its mandate or denie[s] review," even if a petitioner files a petition for certiorari in the Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and . . . the 1-year limitations period [is not tolled] during the pendency of a petition for certiorari.").

Murillo did not file a petition for further review to the Nebraska Supreme Court following the Nebraska Court of Appeals's denial of his direct appeal. (*See* state court docket sheet at Filing No. 8-4 at CM/ECF p. 2.) Thus, Murillo's conviction became final for purposes of § 2244(d)(1)(A) on May 1, 2010, 30 days after the Nebraska Court of Appeals denied him relief on direct appeal. *See Gonzalez*, 132 S. Ct. at 646 ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."). *See also* Neb. Ct. R. § 2-102(F)(1) ("A[] . . . petition for further review and memorandum brief in support must be filed within 30 days after the release of the opinion of the Court of Appeals or the entry of the order of the Court of Appeals finally disposing of the appeal, whichever occurs later."). Murillo filed his motion for post-conviction relief *457 days later*, on August 1, 2011. (Filing No. 8-3 at CM/ECF p. 14.) Thus, the one-year limitations period had already expired before Murillo filed a post-conviction motion. An additional two months passed between the conclusion of Murillo's post-conviction action and the filing of his Petition in this court. Together, a total of one year and five months count toward the one-year limitations period. In light of this, the court finds that Murillo's Petition is untimely under § 2244(d)(1)(A).

**B.     Equitable Tolling**

Murillo does not specifically argue that he is entitled to equitable tolling of the one-year limitations period. Rather, he argues that he is "factually innocent" so the court should "liberate" him from unlawful imprisonment. (Filing No. 12 at CM/ECF p. 3.) The court liberally construes Petitioner's argument to be that his "actual innocence" is a circumstance sufficient to toll the limitations period.

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an *exceedingly narrow* window of relief." *Id.* (internal quotation marks omitted).

In *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002), the Eighth Circuit Court of Appeals rejected, "as a broad concept," the contention that actual innocence could be used to excuse a habeas petitioner's failure to file his petition within the statutory limitations period. The court stated:

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonable diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Id.* at 978.

Here, Murillo does not claim that anything the State of Nebraska did made it difficult for him to uncover the facts that he now claims establish his actual innocence. Indeed, Murillo does not even identify any new facts that speak to his actual innocence. Even with the most liberal construction, there is nothing in the record showing that Murillo pursued his rights diligently, or that an extraordinary circumstance prevented him from filing a timely petition for writ of habeas corpus. As such, equitable tolling does not apply and Murillo's Petition is barred by AEDPA's statute of limitations.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling of his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Murillo has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 9) is granted.

  2. Murillo's Objection to Motion for Summary Judgment (Filing No. 11) is denied.

  3. Murillo's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed with prejudice.

  4. The court will not issue a certificate of appealability in this matter.

  5. A separate judgment will be entered in accordance with this Memorandum and Order.

  DATED this 8th day of May, 2013.

          BY THE COURT:

          s/ Joseph F. Bataillon
          United States District Judge

---

 *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.